UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

ANTHONY JEROME DEMARCO        CIVIL ACTION NO. 15-cv-0020-P

VERSUS        JUDGE FOOTE

LUCAS MOOREHEAD, ET AL.        MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Anthony Jerome Demarco ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on January 5, 2015. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. He names Lucas Moorehead, the Caddo Correctional Center, and Sheriff Steve Prator as defendants.

Plaintiff claims that on December 7, 2014, inmate Lucas Moorehead hit him with a weapon in his closed fist. Plaintiff claims that after the attack, he was transferred to LSU Medical Center for treatment. He claims that once the doctors stopped the bleeding, an MRI was taken. He claims the hit caused damage to the bridge of his nose and two black eyes. He claims his sinus cavity was punctured. He claims the cut to his face plate required six stitches. He claims the stitches left a scar. Plaintiff claims he now suffers from PTSD.

Plaintiff claims the doctors told him that in order to repair his injury properly, he needed surgery.  He claims the prison officials will not pay for the surgery and he is therefore being denied proper treatment.  He claims he has trouble breathing and severe headaches.  He claims there are times when he has lost his vision or his vision is blurred. Plaintiff admits that he has been prescribed Ibuprofen.

Plaintiff claims he is a pretrial detainee and Moorehead is a convicted and sentenced Department of Corrections inmate.  He claims he never should have been housed with Moorehead.

Plaintiff admits that he had no reason to fear Moorehead or any other inmate.  He claims prison officials knew that Moorehead was offered a gratuity to attack someone in the jail and he accepted the offer because everything in the prison is recorded.   Accordingly, Plaintiff seeks monetary compensation, punitive damages, and injunctive relief.

For the following reasons, Plaintiff's civil rights should be dismissed.

## LAW AND ANALYSIS

**Failure to Protect**

The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged inmate violence is the Eighth Amendment prohibition against cruel and unusual punishment.  Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates.  See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

"It is not, however, every injury suffered by a prisoner at the hands of another that translates into constitutional liability for prison officials."  Farmer, 114 S.Ct. at  1977. Instead, to prevail on a claim based on a failure to protect, the inmate must show that he is incarcerated "under conditions posing a substantial risk of serious harm" and that the defendant prison officials were deliberately indifferent to the inmate's health and safety. Id. at 1977-78.  The test for deliberate indifference is a subjective one.  Thus, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of fact from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 1979.

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference. Plaintiff does not allege that he was personally subject to an excessive risk of attack, nor does he allege prison officials were aware of  any excessive risk posed him by the attacking inmate prior to the actual attack.  In fact, Plaintiff states he had no reason to fear inmate Moorehead.  Plaintiff's claim that prison officials knew Moorehead would attack someone because he accepted a gratuity to do so and all actions in the prison are recorded is conclusory.  As such, Plaintiff has not shown that Defendants disregarded a risk to his safety by failing to take reasonable measures to abate it. Farmer, 114 S.Ct. 1970.

Accordingly, the actions on the part of the prison officials do not evidence an

attitude of deliberate indifference.

**Classification**

Plaintiff claims DOC inmates and pre-trial detainees were housed together and that this effected his safety.  This is not a claim that this court can resolve.  Federal courts should not, under the guise of enforcing constitutional standards, assume the superintendence of state prison administration.  See Jones v. Diamond, 636 F.2d 1364, 1368 (5th Cir. 1981) (en banc) (overruled on other grounds).  Thus, this court accords state prison administrators wide-ranging deference to adopt and to execute policies and practices that are needed to maintain and preserve order, discipline, and security in prison.  See Bell v. Wolfish, 441 U.S. 520, 547 (1979).

The classification of prisoners is such a practice that is left to the discretion of prison officials.  See McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir. 1990).  "It is well settled that '[p]rison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status'." McCord, 910 F.2d at 1250 (quoting Wilkerson v. Maggio, 703 F.2d 909 (5th Cir. 1983)).

In Louisiana, the classification of prisoners is the duty of the Department of Corrections and an inmate, such as Plaintiff, has no right to a particular classification.  In addition, "speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests." Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (citing Meachum v. Fano, 427 U.S. 215, 299 n.8, 96 S. Ct. 2532, 2540 n.8 (1976)).

Accordingly, Plaintiff's claim regarding his classification lacks an arguable basis in

law and fact, and it should be dismissed with prejudice as frivolous.

**Medical Claim**

Plaintiff was a pre-trial detainee at the time of these alleged violations.  The standard to apply in analyzing a denial of medical care or inadequate medical care claim asserted by a pre-trial detainee depends upon whether the claim is directed to a "condition of confinement" or to an "episodic act or omission." Scott v. Moore, 114 F.3d 51, 53 (5th Cir. 1997), quoting Hare v. City of Corinth, 74 F.3d 633, 644 (5th Cir. 1996).  "A 'condition of confinement' case is a 'constitutional attack on general conditions, practices, rules, or restrictions of pretrial confinement.'" Scott, 114 F.3d at 53, quoting Hare, 74 F.3d at 644.[1] An episodic act or omission case is defined as follows:

> [W]here the complained-of harm is a particular act or omission of one or more officials, the action is characterized properly as an 'episodic act or omission' case and is not amendable to review under the Wolfish test. [I]n an episodic act or omission case, an actor usually is interposed between the detainee and the municipality, such that the detainee complains first of a particular act of, or omission by, the actor and then points derivatively to a policy, custom, or rule (or lack thereof) of the municipality that permitted or caused the act or omission. [Internal citations and quotation marks omitted.]

Id.

In Nerren v. Livingston Police Dept., 86 F.3d 469 (5th Cir. 1996), the Fifth Circuit classified a case involving the alleged denial of adequate medical care to an arrestee as an episodic case.  In that case, the court applied a deliberate indifference standard stating, "a

---

[1]In such a case, the reasonable relationship test of Bell v. Wolfish, supra, is applicable. Under this test, if the condition of confinement is reasonably related to a legitimate, non-punitive governmental objective, the condition is constitutional.  Scott, 74 F.3d at 53.

state official's episodic act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights."  The court then defined subjective deliberate indifference as "subjective knowledge of a substantial risk of serious medical harm, followed by a response of deliberate indifference."  Nerren, 86 F.3d at 473.  This is the same standard applicable to convicted prisoners,[2] that is, the medical care must be "sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).   Thus, Plaintiff must allege and be able to prove that each named Defendant has been deliberately indifferent to his serious medical needs or the claim is subject to dismissal as frivolous.  Graves v. Hampton, 1 F.3d 315, 319-20 (5th Cir. 1993). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law.  Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997).  Also, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See

---

[2]The Eighth Amendment applies to convicted prisoners.  There are two requirements that must be met to show that a prison official has violated the Eighth Amendment.  The first is an objective requirement that the inmate allege a sufficiently serious deprivation.  Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811, 823 (1994).  Second, only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.  A prison official must have a sufficiently culpable state of mind, defined as deliberate indifference or knowing disregard of  an excessive risk to inmate health or safety.  Farmer, 128 L.Ed.2d at 825; Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  Under this standard, a lack of proper inmate medical care can be cruel and unusual punishment only if it is "sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1976).

Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).  The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act.  See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).   It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs.  Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997);  Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).

The record does not contain facts which sufficiently show that the named Defendants have been deliberately indifferent to any serious medical needs of Plaintiff.  Plaintiff admits he was transferred to LSU Medical Center after the attack for treatment.  He also admits that he received Ibuprofen.  He complains because he has not had surgery.  As previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort.  However, mere negligence, neglect, or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of the Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848

F.2d 649, 651 (5th Cir. 1988).

Accordingly, these claims regarding the denial of medical care and inadequate medical care should be dismissed with prejudice as frivolous.

**Inmate Moorehead**

Plaintiff does not allege that defendant Lucas Moorehead was acting under the color of state law.  Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and laws of the United States.  See 42 U.S.C. § 1983.  A plaintiff in a civil rights suit must show that the conduct of which he is complaining was committed by a person acting under color of state law.  Plaintiff has not alleged any action that would give rise to defendant Lucas Moorehead being a state actor for purposes of Section 1983.  As such, Plaintiff's civil rights complaint against defendant Lucas Moorehead should be dismissed as frivolous.

**CONCLUSION**

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v.

Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v.

Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint should be

**DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties

aggrieved by this recommendation have fourteen (14) days from service of this Report and

Recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another

party's objection within fourteen (14) days after being served with a copy thereof.  Counsel

are directed to furnish a courtesy copy of any objections or responses to the District Judge

at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and

recommendations set forth above, within fourteen (14) days after being served with a copy

shall bar that party, except upon grounds of plain error, from attacking, on appeal, the

proposed factual findings and legal conclusions that were accepted by the district court and

that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d

1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 22nd

day of June, 2015.

Mark L. Hornsby
U.S. Magistrate Judge